UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERENCE RIDDLE,

      Plaintiff,

v.                                    Case No. 1:10-CV-408

HSBC CONSUMER AND MORTGAGE         HON. GORDON J. QUIST
LENDING, HOUSEHOLD FINANCE
CORPORATION III, and GRAND &
GRAND PLLC,

      Defendants.
_____/

## OPINION

      Plaintiff, Terence Riddle ("Riddle"), proceeding *pro se*, has filed a complaint against

Defendants HSBC Consumer and Mortgage Lending, Household Finance Corporation III

(collectively "HSBC"), and Grand & Grand PLLC.[1]  In his two-count complaint, Riddle alleges that

Defendants violated various sections of Title 18 of the United States Code (crimes and criminal

procedure) (Count I) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et*

*seq.* (Count II).  Riddle's claims arise out of a nonjudicial foreclosure on Riddle's residence by

HSBC.  Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

state a claim.  For the reasons set forth below, the Court will grant Defendants' motions and dismiss

Riddle's claims with prejudice.

_____

[1] The identity of the proper HSBC Defendant is not entirely clear.  As noted, Riddle has sued HSBC Consumer
& Mortgage Lending and Household Finance Corporation III.  In his amended notice of appearance, HSBC's counsel
states that the proper Defendant is HSBC Mortgage Services Inc., a subsidiary/affiliate of HSBC Finance Corporation.
For purposes of the instant motions to dismiss, the Court need not determine the correct Defendant.

BACKGROUND

The following facts are taken from the allegations in Riddle's complaint and the attached exhibits.[2]

On May 26, 2006, Riddle executed a Note and a Mortgage in favor of Homeland Capital Mortgage in connection with a loan in the amount of $167,000.00. The Mortgage covered Riddle's residence located at 2042 Gale Road, Eaton Rapids, Michigan. Soon thereafter, Homeland Capital Mortgage sold the loan to HSBC, and HSBC informed Riddle that HSBC Mortgage Services would be servicing the loan. On July 5, 2006, HSBC sent Riddle a letter notifying him of the assignment and confirming that the terms of the loan would remain the same. Riddle did not object to the assignment and made his payments to HSBC Mortgage Services.

In mid-2009, HSBC initiated foreclosure proceedings on the Mortgage as a result of nonpayment on the Note and retained Defendant Grand & Grand to handle the foreclosure. Subsequently, Riddle sent HSBC and Grand & Grand letters disputing the validity of the debt. In particular, Riddle demanded that they produce for inspection the original Note Riddle signed on May 26, 2006. HSBC responded to Riddle's request by furnishing Riddle copies of the Note, Mortgage, Truth-In-Lending Statement, Settlement Statement, Notice of Right to Cancel, Payment History, Loan Servicing Disclosure Statement, Notice of Assignment, Sale or Transfer of Servicing Rights, and Application. In addition, HSBC advised Riddle that he could examine the original records at HSBC's offices at 2929 Walden Avenue, Depew Erie, New York. (Letter of 7/21/09 from Davis To Riddle, Compl. Ex. 4.) Upon receipt of Riddle's letter, Grand & Grand ceased its

---

[2]Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Fed. R. Civ. P. 12(b)(6), courts recognize an exception for documents attached to or referenced in the complaint. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

collection efforts and referred Riddle's request to HSBC.  (Letter of 1/14/10 from Grand to Riddle,

Compl. Ex. 5.)

On February 4, 2010, HSBC sold Riddle's residence at a Sheriff's sale. Riddle filed his

complaint in this case on April 26, 2010.  On July 2, 2010, Grand & Grand filed a motion to dismiss.

HSBC filed its own motion to dismiss on July 14, 2010.  Riddle did not file a response to

Defendants' motions, but on August 10, 2010, he filed a motion for leave to amend his complaint.

Finally, on August 17, 2010, HSBC filed a counterclaim against Riddle, and the following day,

August 18, 2010, HSBC moved for summary judgment on its counterclaim.

## MOTION STANDARD

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41,

45-46, 78 S. Ct. 99, 102 (1957)).  While a complaint need not contain detailed factual allegations,

a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555,

127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court

must determine whether the complaint contains "enough facts to state a claim to relief that is

plausible on its face."  *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S. Ct. at 1949.

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for

more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 1949 (quoting *Twombly*,

550 U.S. at 556, 127 S. Ct. at 1965).  "[W]here the well-pleaded facts do not permit the court to infer

3

more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'

– that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### DISCUSSION

In considering whether Riddle has stated a claim, the Court is mindful that because Riddle

is *pro se*, the Court must read his complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

(1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible.

*Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Even giving Riddle this benefit, however, he fails

to state a valid claim.

As the Court understands it, Riddle's primary allegation is that HSBC failed to comply with

his demand for production of the original Note. Riddle claims that based upon such failure, HSBC

and Grand & Grand's acts in furtherance of the nonjudicial foreclosure constitute civil violations

of various federal criminal statutes, as well as a violation of the FDCPA. Riddle is wrong.

First, regarding his claim that Defendants have violated 18 U.S.C. §§ 473, 493, 514, 641, and

1341, those statutes are all criminal statutes which generally may be enforced only by the

government. As the Second Circuit observed in *Hill v. Didio*, 191 F. App'x 13 (2d Cir. 2006):

> The district court properly dismissed claims filed by Hill pursuant to 18
> U.S.C. §§ 241, 242, 645, and 1341, which are federal criminal statutes. A private
> individual may bring suit under a federal statute only when Congress specifically
> intended to create a private right of action. *See, e.g.*, *Gonzaga Univ. v. Doe*, 536
> U.S. 273, 283, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); *Alaji Salahuddin v. Alaji*,
> 232 F.3d 305, 308, 311-12 (2d Cir. 2000).

*Id.* at 14. The court noted that it had previously held that there is no private right of action under

18 U.S.C. § 1341, one of the statutes Riddle cites in Count I. *Id.* The Sixth Circuit has likewise

concluded that § 1341 provides no private right of action. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170,

(6th Cir. 1979).

As for the other criminal statutes Riddle cites, the Court finds no basis for concluding that they create a private right of action. The first statute, § 473, provides:

> Whoever buys, sell, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 473. This statute does not expressly create a private right of action. *See Fisher v. Conseco Fin. Co.*, No. 3:07cv266/RV/MD, 2007 WL 3012881, at (N.D. Fla. Oct. 12, 2007). The next statute, § 493, provides that any person who falsifies, forges, or counterfeits any note or bond issued by the Reconstruction Finance Corporation or other specified government agencies "shall be fined under this title or imprisoned not more than 10 years, or both." This statute also does not create a private right of action. *Daviditis v. Nat'l Bank of Mattoon*, 262 F.2d 884, 886 (7th Cir. 1959) (holding that § 493 "pertains to criminal proceedings and . . . in no way confer[s] jurisdiction as to the civil controversies described in the complaint"). The next statute, § 514, prohibits persons, with the intent to defraud, from passing, uttering, or selling false or fictitious instruments or other items "appearing, representing, purporting, or contriving . . . to be an actual security . . . issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States . . . ." A person violating this statute is guilty of a class B felony. As with the other statutes, nothing in the statute suggests that § 514 creates a private right of action. The final statute, § 641, criminalizes the embezzlement or conversion of property of the United States Government. A person violating this section "[s]hall be fined . . . or imprisoned not more than ten years, or both." 18 U.S.C. § 641. This statute does not create a private right of action and may be enforced by the government for theft or embezzlement of property belonging to the United States. *John's Insulation,*

*Inc. v. Siska Constr. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991).[3]  Count I thus fails as a matter of law.

To state a claim under the FDCPA a plaintiff must allege that:  (1) the defendant took actions to collect a consumer debt; (2) the defendant is a "debt collector"; and (3) the defendant engaged in conduct prohibited by the FDCPA.  *Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008) (citing *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 349, 356 (M.D. Fla. 2008)). Assuming that Riddle could meet the first two requirements with regard to both HSBC and Grand & Grand (as to which the Court expresses no opinion), Riddle's claim fails because while he alleges generally that the failure to present the original Note violates the FDCPA, he fails to cite any specific provision of the FDCPA supporting a violation.  *See Martens v. Countrywide Home Loans* (*In re Martens*), 331 B.R. 395, 398-99 (B.A.P. 8th Cir. 2005) ("Martens' claim that Countrywide violated the FDCPA is supported only by her allegation that it could not collect its debt without presentment of the original note. Yet, she cited no provision of the FDCPA that so provides, and we have found none.").  Moreover, the exhibits Riddle attached to the complaint show that Defendants responded to Riddle's request for verification of the debt by providing the required information. Thus, Count II fails as a matter of law.

As noted above, Riddle has filed a motion for leave to amend his complaint.  "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230

---

[3] Apart from the fact that the criminal statutes Riddle cites do not permit a civil action by private citizen, those sections all pertain to bonds, obligations, or property of the United States.  The Note at issue in this case is an obligation created not the United States, but by Riddle.

(1962).  Having reviewed Riddle's proposed amended complaint, the Court will deny the motion

because the proposed amendment is futile.  In other words, the proposed amendment adds nothing

to Riddle's claims to save them from dismissal under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motions and dismiss Riddle's

claims.  The only remaining matter is HSBC's counterclaim.

An Order consistent with this Opinion will be entered.

Dated:  September 2, 2010                                          /s/ Gordon J. Quist
                                                             GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE