UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERENCE RIDDLE,

    Plaintiff,

v.    Case No. 1:10-CV-408

HSBC CONSUMER AND MORTGAGE    HON. GORDON J. QUIST
LENDING, HOUSEHOLD FINANCE
CORPORATION III, and GRAND &
GRAND PLLC,

    Defendants.
_____/

## **OPINION**

Plaintiff, Terence Riddle ("Riddle"), proceeding *pro se*, filed a complaint against Defendants HSBC Consumer and Mortgage Lending, Household Finance Corporation III, and Grand & Grand PLLC, alleging that Defendants violated various sections of Title 18 of the United States Code (crimes and criminal procedure) (Count I) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count II). In a subsequent filing, HSBC indicated that the proper Defendant is HSBC Mortgage Services Inc.("HSBC"), a subsidiary of HSBC Finance Corporation. On September 2, 2010, the Court entered an Opinion and an Order granting summary judgment to Defendants on Riddle's claims.

On August 17, 2010, shortly before the Court granted summary judgment to Defendants, Defendant HSBC filed a counterclaim against Riddle. The following day, HSBC filed a motion for summary judgment. The time for Riddle to respond to the motion has passed, and Riddle has failed to file a response. In such cases, the Sixth Circuit has held that:

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded, a court's reliance on facts advanced by the movant is proper and sufficient).

HSBC's counterclaim arises out of a Uniform Commercial Code ("UCC") financing statement and an amendment to the financing statement that Riddle filed with the Minnesota Secretary of State against HSBC and its counsel. Riddle filed the first financing statement against "HSBC Consumer and Mortgage Lending/Irene Dorner President" on March 10, 2010, prior to filing his complaint in the instant case. The financing statement also listed "Grand & Grand PLLC/Michael M. Grand" as additional debtors. Riddle filed the amendment to the financing statement on July 19, 2010, one day prior to filing his motion to amend his complaint, in which he sought to add HSBC's counsel in the instant case as a defendant. The July 19, 2010, amendment filed with the Minnesota Secretary of State added "Dickinson Wright PLLC/Edward P. Perdue" to the original financing statement. Finally, on August 9, 2010, Riddle filed another amendment to the financing statement, in which he sought to delete "Dickinson Wright PLLC/Edward P. Perdue" from the financing statement. Riddle attached copies of the March 10, 2010, financing statement and the July 19, 2010, amendment to his motion to compel (docket no. 17), which the Court denied on July 29, 2010.

In support of their motion, Defendants have presented the Declarations of Charles Schmitt and Michael M. Grand, which establish that neither HSBC/Irene Dorner nor Grand & Grand/Michael Grand owe Riddle any money or other obligation; do not qualify as a debtor under Minnesota's version of the UCC; have never been a party to a security agreement with Riddle; and

2

never authorized Riddle to file a financing statement. Indeed, Riddle's filing of the financing statement and amendments in Minnesota, a state with which neither Riddle nor Defendants has any connection, strongly suggests that Riddle filed these documents solely to harass Defendants. Thus, HSBC has carried its burden of showing that Riddle's filings are invalid under Minnesota law. *See Semmelman v. Mellor*, No. Civ. 05-644 MJD/AJB, 2006 WL 90094, at *3-4 (D. Minn. Jan. 13, 2006) (concluding that the defendant's UCC filings against the plaintiffs were baseless where, as in this case, neither plaintiff had ever been a debtor to the defendant, neither plaintiff had ever authorized the defendant to file any UCC financing statement or signed a valid security agreement with the defendant, and the filings were not filed in the correct state). Thus, HSBC is entitled to summary judgment.

For relief, HSBC requests that the Court: (1) declare that the financing statement is void *ab initio*; (2) order Riddle to file a UCC termination statement to release all UCC filings Riddle has made in Minnesota or elsewhere against HSBC or its counsel and to file a proof of filing of such termination statement within fourteen days; (3) enjoin Riddle from making any such other UCC filings in any state without the Court's prior approval; (4) award HSBC and each of the victims of the unauthorized filings statutory damages in the amount of $500.00 pursuant to Minn. Stat. § 336.9-625(e) for each fraudulent filing; and (5) award HSBC its actual attorney fees expended in pursuing its counterclaim as sanctions against Riddle.

The Court will grant HSBC the declaratory and injunctive relief it seeks, but will not award statutory damages to HSBC pursuant to Minn. Stat. § 336.9-625(e) or impose sanctions against Riddle at this time. Instead, the Court will allow Riddle to avoid such damages and sanctions by filing the required termination statement and filing a proof of filing within thirty days from the order that will issue pursuant to this Opinion. If Riddle fails to file the required termination statement

within the specified time, the Court will enter a judgment against Riddle for statutory damages and HSBC's reasonable attorney fees. However, because HSBC is the only party that filed the counterclaim, the Court will limit the award of statutory damages to HSBC in the amount of $500.00. Moreover, in the event Riddle fails to comply with the order, HSBC may move to hold Riddle in contempt of this Court.

An Order consistent with this Opinion will be entered.


Dated: November 3, 2010                                         /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE